UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY E. YOUNG,

          Plaintiff,

   v.

DANIEL T. SATTERBERG, *et al.*,

          Defendants.

Case No. C19-1420-JCC-MLP

REPORT AND RECOMMENDATION

### I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Service has not been ordered.[1] This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

---

[1] Plaintiff paid the filing fee for this action. Nevertheless, the Court is still required to screen his complaint given that he is a prisoner, 28 U.S.C. § 1915A(a), and to dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1).

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

On September 4, 2019, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. # 1.) Plaintiff asserted in his complaint a number of claims relating to his 2002 arrest and subsequent conviction in King County Superior Court on a charge of attempted first degree child molestation. (*See* Dkt. # 4.) Plaintiff identified the following four claims in his complaint: (1) fabrication of evidence, (2) due process violation, (3) conspiracy against rights, and (4) neglect. (*See id*.) Though Plaintiff's description of his claims was not entirely clear, they appeared to be based on his belief that the evidence known to Defendants during the investigation and prosecution of the criminal case against him was insufficient to support either the filing of charges or his subsequent conviction. Plaintiff identified King County Prosecutor Daniel Satterberg, former King County Prosecutor Norm Maleng, Deputy King County Prosecutor Mary Barbosa, and City of Kent Police Detective Russal Walker as Defendants in his complaint. (*Id*. at 1.) Plaintiff requested $17 million in damages and dismissal of his criminal case. (*See id*. at 17-18.)

Because it appeared Plaintiff was attempting to use this civil rights action to challenge the validity of the conviction underlying his current confinement, and because such challenges are not permissible under § 1983, this Court, on October 17, 2019, issued an Order directing Plaintiff to show cause why the action should not be dismissed. (Dkt. # 5.) The Court explained in its Order to Show Cause that the United States Supreme Court, in *Heck v. Humphrey,* 512 U.S. 477 (1994), held that a claim brought under § 1983 that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (*Id*. at 2

REPORT AND RECOMMENDATION
PAGE - 2

(citing *Heck*, 512 U.S. at 489).) The Court noted that Plaintiff's conviction had apparently not been invalidated in any way and that his claims were therefore barred by *Heck*. The Court went on to note that even assuming Plaintiff's claims were not barred by *Heck*, it appeared likely the claims were barred by the statute of limitations. (*Id.*)

On December 10, 2019, Plaintiff filed a response to the Order to Show Cause together with a motion asking that Defendants Daniel Satterberg, Mary Barbosa, and Norm Maleng be dismissed from this action. (Dkt. ## 8, 9.) Plaintiff asserts in his response to the Order to Show Cause that he is not using this action to challenge his conviction but, rather, is seeking relief based on "the alleged extrinsic fraud" of Detective Walker who, Plaintiff claims, fabricated evidence against him in his criminal proceedings.[2] (*See* Dkt. # 9.)

While Plaintiff argues in his response to the Order to Show Cause that Detective Walker, the individual who investigated the allegation of possible child molestation made against him, he does not actually identify in his materials any false or fabricated evidence. (*Id.*) The crux of Plaintiff's argument is that the evidence collected by Detective Walker during the course of his investigation was not sufficient to establish probable cause for the crime with which Plaintiff was charged or to support Plaintiff's conviction on the charge. (*See id.*) Regardless of whether Plaintiff's intent is to challenge his conviction directly, or only Detective Walker's actions as they relate to the conviction, the result is the same.

*Heck* makes clear that *any* claim which may call into question the lawfulness of a conviction is not cognizable in an action brought under § 1983 unless the conviction has been

---

[2] Plaintiff also asserts in his response that his claims were not barred by the statute of limitations, though it is not entirely clear why he believes this to be the case. (Dkt. # 9 at 2.) Because this Court concludes that Plaintiff's claims are barred by *Heck*, it need not address the statute of limitations issue.

REPORT AND RECOMMENDATION
PAGE - 3

invalidated. *See* 512 U.S. at 486-87. Plaintiff's claim that Detective Walker lacked sufficient probable cause to recommend that charges be filed against Plaintiff, charges upon which Plaintiff was ultimately convicted, would, if successful, necessarily imply the invalidity of Plaintiff's underlying conviction. Plaintiff has not shown that the underlying conviction has been invalidated and, thus, Plaintiff's claims are barred by *Heck*.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915A(b)(1), for failure to state a cognizable claim for relief. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 21, 2020**..

DATED this 29th day of January, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4